■ JANICE KARR, Respondent, v CITY OF NEW YORK, Defendant, and GONDOLA HOLDING CORP. et al., Appellants.—Order, Supreme Court, New York County (Herman Cahn, J.), entered May 11, 1989, which denied defendants-appellants' motion for summary judgment, unanimously affirmed, without costs.

Plaintiff was injured when she slipped and fell on the sidewalk in front of 222 West 10th Street in Manhattan and claimed that defendants, as abutting owners, were negligent in failing to properly maintain the sidewalk. Plaintiff alleged that she fell on the portion of the sidewalk where a "metal plate" was located and introduced numerous photographs of the accident site. Her claim against defendants is based on their special use of the sidewalk where the accident occurred from which they derived a special benefit. Plaintiff's expert engineer identified two utility boxes at the site which serviced defendants' building.

The Supreme Court denied defendants' motion for summary judgment on the ground that triable issues of fact exist regarding, *inter alia,* the special use of the sidewalk, whether it was the cause of the defect in the sidewalk and whether that, in turn, caused the accident.

The evidence in this case demonstrates a factual issue as to whether defendants' use of the sidewalk was a "special use". The duty to maintain the area of special use runs with the land and is not dependent upon a finding that defendants actually installed the sidewalk or repaired it. *(Santorelli v City of New York,* 77 AD2d 825.) Hence, defendants' liability arises by virtue of their ownership of the premises which derived a special benefit from the use of the abutting sidewalk. *(Supra.)*

Accordingly, as there are unresolved questions in this case which include whether the defect in the sidewalk was caused by a special use and, if so, whether it caused the alleged accident, summary judgment was appropriately denied *(cf., Rotuba Extruders v Ceppos,* 46 NY2d 223). Concur—Sullivan, J. P., Rosenberger, Asch and Rubin, JJ.