■ Joyce Rubenstein et al., Appellants, v Philip DeGeorgio et al., Respondents, and Congregation and Talmud Torah Ohev Sholom, Appellant. (And a Third-Party Action.) [654 NYS2d 318] —In an action to recover damages for personal injuries, etc., the plaintiffs and the defendant Congregation and Talmud Torah Ohev Sholom separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Feinberg, J.), dated November 17, 1995, as, upon granting their respective motions to reargue and renew the cross motion of the defendants Philip and Marilyn DeGeorgio for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, adhered to its original determination granting that cross motion in an order dated April 4, 1995.

Ordered that the order is modified, on the law, by adding

thereto a provision that, upon searching the record, summary judgment is granted to the defendant Congregation and Talmud Torah Ohev Sholom dismissing the plaintiffs' complaint insofar as asserted against it; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents by the plaintiffs.

The plaintiff Joyce Rubenstein seeks to recover damages for personal injuries allegedly sustained when she tripped and fell on an uneven sidewalk abutting property owned by the defendants Philip and Marilyn DeGeorgio and the defendant Congregation and Talmud Torah Ohev Sholom (hereinafter the Congregation). The Congregation moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it and the DeGeorgios cross-moved for the same relief. The court granted the DeGeorgios' cross motion but denied the Congregation's motion. Upon granting the respective motions of the plaintiffs and the Congregation to reargue and renew the DeGeorgios' cross motion for summary judgment, the court adhered to its original determination.

The DeGeorgios' cross motion for summary judgment was properly granted. The law is well settled that an abutting landowner will not be liable to a pedestrian passing by on a public sidewalk, unless the landowner created the defective condition or caused the defect to occur because of some special use (see, *Alessi v Zapolsky*, 228 AD2d 531).

There is no basis in the record upon which to hold the DeGeorgios liable. The uncontroverted evidence demonstrated that the DeGeorgios did not create or exacerbate the condition of the sidewalk. The plaintiffs failed to raise a triable issue as to whether the DeGeorgios' special use of the sidewalk was a proximate cause of the defect.

This Court can search the record with respect to the defendant Congregation although it did not appeal from the order which denied its motion for summary judgment (see, *Sciangala v Mancuso*, 204 AD2d 708; cf., *Dunham v Hilco Constr. Co.*, 89 NY2d 245). Upon searching the record, this Court finds that the defendant Congregation's motion for summary judgment should have been granted. The uncontroverted evidence demonstrated that the Congregation did not create or exacerbate the condition of the sidewalk. Further, the affidavits of the plaintiffs' expert were speculative and conclusory and as such insufficient to create an issue of fact with respect to whether the Congregation's special use of the sidewalk as a driveway was a proximate cause of the alleged defect (see, *Mendes v Whitney-Floral Realty Corp.*, 216 AD2d 540). Mangano, P. J., Rosenblatt, Copertino and Krausman, JJ., concur.