*206
 
 OPINION OF THE COURT
 

 Levine, J.
 

 On November 22, 1989, Barbara Kaufman allegedly sustained serious injuries after she tripped and fell on a defective asphalt handicapped-accessible ramp outside the South Bell-more Shopping Center owned by defendants in Bellmore, New York. Prior to her fall, Mrs. Kaufman, having just exited the corner store of the complex, was walking on a concrete walkway towards her car. The car was parked on the adjacent property to the west of the shopping center. The South Bell-more Shopping Center consists of eight individual stores and a parking lot. To the west of the shopping center is another parking lot owned by Pergament Home Center and approximately 75 yards further west is the Pergament Home Center itself. The concrete walkway in question extends the entire front of defendants’ shopping center. Immediately adjacent to the western-most end of the walkway, on the adjoining Pergament property, is the asphalt ramp upon which Mrs. Kaufman fell. It is undisputed that the ramp is physically located upon Pergament’s property.
 

 Mrs. Kaufman and her husband commenced this negligence action to recover damages and derivative losses they allegedly sustained as a result of her fall. After discovery was concluded, defendants moved, pursuant to CPLR 3212, for summary judgment on the issue of liability, contending that since they did not own, construct, repair or maintain the ramp on the Pergament property, they owed plaintiffs no duty of care. In opposition to defendants’ motion, plaintiffs did not dispute that the ramp "lies wholly .outside the boundary line” of the shopping center. Rather, they invoked the doctrine of special use, arguing that because the Pergament handicapped-access ramp was apparently installed to service handicapped parking spaces on defendants’ adjoining property, and is used by the shopping center’s handicapped patrons, defendants have thus derived an exclusive benefit from its use and are liable for its maintenance and repair.
 

 Supreme Court denied defendants’ motion for summary judgment, finding that issues of fact exist "with respect to whether the ramp in question was developed or used exclusively to benefit [defendants’] shopping center such that there would arise a duty on their part to maintain it.” The Appellate Division reversed and, without addressing the application of the special use doctrine to these facts, held that summary judgment was
 
 *207
 
 appropriate where defendants "demonstrated that they played no role in the creation or exacerbation of the [dangerous or defective] condition” (227 AD2d 383). We granted plaintiffs leave to appeal, and now affirm.
 

 On this record, we conclude that the only basis for imposing liability upon defendants is the doctrine of special use. Thus, the dispositive issue in this case is whether the special use doctrine, which heretofore has been commonly applied in cases involving a benefit to property abutting a public way, can apply here, where the special use structure or instrumentality is located on adjoining private property.
 

 The doctrine of special use was fashioned in New York in the previous century, to authorize the imposition of liability upon an adjacent occupier of land for injuries arising out of circumstances where "permission [has been] given, by a municipal authority, to interfere with a street solely for private use and convenience in no way connected with the public use”
 
 (Clifford v Dam,
 
 81 NY 52, 56-57). Consequently, where the abutting landowner "derives a special benefit from that [public property]
 
 unrelated
 
 to the public use,” the person obtaining the benefit is "required to maintain” the used property in a reasonably safe condition to avoid injury to others
 
 (Poirier v City of Schenectady,
 
 85 NY2d 310, 315 [emphasis supplied];
 
 D'Ambrosio v City of New York,
 
 55 NY2d 454, 462-463 [the abutting landowner’s obligation to maintain the sidewalk appurtenance, installed for that landowner’s private advantage, runs to the public who might otherwise be harmed by his or her negligence];
 
 see also, Trustees of Vil. of Canandaigua v Foster,
 
 156 NY 354, 359). Inherent in the doctrine of special use is the principle that the duty to repair and maintain the special structure or instrumentality is imposed upon the adjoining landowner or occupier because the appurtenance was installed at their behest or for their benefit
 
 (cf., Heacock v Sherman,
 
 14 Wend 58, 60 ["if a (structure) is built by an individual over a public highway for his own exclusive benefit, he is bound to repair it * * * in consideration of private advantage”]).
 

 Imposition of the duty to repair or maintain a use located on adjacent property is necessarily premised, however, upon the existence of the abutting land occupier’s access to and ability to exercise control over the special use structure or installation. "The doctrine of implied duty [to repair a special use structure] requires the person who, even with due permission, constructs a scuttle hole in the sidewalk in front of his premises, to use reasonable care for the safety of the public, as
 
 *208
 
 long as it remains there and
 
 is subject to his
 
 control”
 
 (Trustees of Vil. of Canandaigua v Foster,
 
 156 NY, at 359,
 
 supra
 
 [emphasis supplied]). Thus, although the duty to repair runs with the land as long as the appurtenance is maintained for the benefit of the land
 
 (Nickelsburg v City of New York,
 
 263 App Div 625, 627), it is the express or implied access to, and control of, the special use which gives rise to the duty
 
 (see, Jennings v Van Schaick,
 
 108 NY 530, 532-533;
 
 Trustees of Vil. of Canandaigua v Foster, supra).
 

 That access and ability to exercise control over the special use are essential to the existence of a duty to repair and. maintain is further illustrated by circumstances in which separate entities, each possessing control over the instrumentality, have been held liable on a special benefit theory. Where, for example, a patron fell on a defective iron grating in the sidewalk adjacent to a store front, the owner and the occupying tenant were held directly liable to the injured party: "[a]s
 
 both
 
 * * *
 
 were in control of
 
 the grating and coping, each was under an affirmative duty to properly maintain the premises, and their failure to discharge that obligation rendered them both liable as joint tort-feasors”
 
 (Olivia v Gouze,
 
 285 App Div 762, 766 [emphasis supplied],
 
 affd
 
 1 NY2d 811;
 
 see also, Smith v City of Corning,
 
 14 AD2d 27 [partial control of the instrumentality by the special user is sufficient to impose liability]; 1A NY PJI3d 2:111, at 464-468 [1997]). Conversely, where a tenant, in possession and occupation, carelessly causes injury by his or her use of the instrumentality, and the owner
 
 reserved no control
 
 over the special use structure, the owner is under no duty and incurs no liability
 
 (see, Jennings v Van Schaick,
 
 108 NY, at 532, supra;
 
 cf., McCutcheon v National City Bank,
 
 265 App Div 878,
 
 affd without opn
 
 291 NY 509).
 

 In our view, plaintiffs have not tendered evidentiary proof, in admissible form, demonstrating the existence of material questions of fact
 
 (see, Zuckerman v City of New York,
 
 49 NY2d 557). Nothing that plaintiffs offered in opposition to defendants’ motion for summary judgment indicates that defendants exercised control over the use of the ramp, or were ever afforded access to that portion of the adjoining Pergament property to make any necessary repairs. Nor has it been shown that the handicapped-access ramp was created, constructed, or installed by defendants for their exclusive benefit, or at their behest, or at the direction of their predecessors in interest.
 

 In contrast to the matter before us, when the special use doctrine is invoked against owners or occupiers of land abutting
 
 *209
 

 public
 
 streets or sidewalks, the requirement of access and control, although significant, poses less of a liability hurdle simply by virtue of the adjoining landowner’s or occupier’s freedom of access, along with the general public, to that portion of the property so used
 
 (see, Trustees of Vil. of Canandaigua v Foster, supra; Clifford v Dam,
 
 81 NY 52,
 
 supra; Nickelsburg v City of New York,
 
 263 App Div 625,
 
 supra).
 
 Thus, while we do not hold, categorically, that the doctrine of special use is inapplicable to beneficial physical alterations involving adjoining properties which are privately owned, we conclude that plaintiffs have failed to provide a sufficient record basis that would permit application of the doctrine in this case, such as to bar summary judgment to defendants.
 

 Accordingly, the order of the Appellate Division, granting defendants’ motion for summary judgment, should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Ciparick and Wesley concur.
 

 Order affirmed, with costs.