■ MARY WINBERRY, Appellant, v CITY OF NEW YORK, Defendant, and JACK SCOTT et al., Respondents. [684 NYS2d 290] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens

County (Lerner, J.), dated October 27, 1997, which granted the motion of the defendants Jack Scott and Olga Scott for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

On March 7, 1994, the plaintiff was injured when she tripped and fell on a public sidewalk directly adjacent to the driveway of the premises owned by the defendants Jack Scott and Olga Scott. The plaintiff commenced this action against the City of New York and the Scotts in which she alleged, *inter alia*, that the Scotts negligently maintained and repaired the sidewalk. The Scotts moved for summary judgment dismissing the complaint insofar as asserted against them.

An abutting landowner will not be liable to a pedestrian passing by on a public sidewalk unless the landowner created the defective condition or caused the defect to occur because of some special use, or unless a statute or ordinance placed the obligation to maintain the sidewalk upon the landowner and expressly made the landowner liable for injuries occasioned by the failure to perform that duty (*see, Alessi v Zapolsky,* 228 AD2d 531; *Rosales v City of New York,* 221 AD2d 329).

We agree with the Supreme Court that the plaintiff failed to present evidentiary proof in admissible form to support her allegations that the Scotts negligently repaired the sidewalk or that the defect was caused by their special use of the sidewalk as a driveway (*see, Rubenstein v DeGeorgio,* 236 AD2d 383; *Gianna v Town of Islip,* 230 AD2d 824; *Alessi v Zapolsky, supra*). Moreover, the plaintiff did not allege that the Scotts breached a statutory duty to maintain the sidewalk. Accordingly, the Scotts' motion for summary judgment was properly granted. Bracken, J. P., O'Brien, Sullivan and Goldstein, JJ., concur.