■ JESUS PEREZ, Respondent, v CITY OF NEW YORK, Defendant, and EAST 183RD STREET REALTY CORP., Appellant. (And a Third-Party Action.) [698 NYS2d 14] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about August 24, 1998, which, in an action for personal injuries sustained in a slip and fall on the sidewalk in front of a building owned by defendant-appellant, insofar as appealed from, denied appellant's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

An issue of fact exists as to whether appellant caused a defective condition in or made a special use of the sidewalk, raised by deposition testimony, affidavits of licensed experts and photographs. These tend to show that defendant City had

knowledge of defects in the sidewalk abutting appellant's building prior to plaintiff's accident, that plaintiff tripped on a "cut" in the sidewalk that extended the breadth thereof from the curb to appellant's building, and that such a cut is indicative of an opening made for installation of a service line to the building at the request of the building. Appellant's attacks against plaintiff's experts' qualifications are conclusory and unsupported by an expert's affidavit of its own. Further, insofar as plaintiff's evidence attributing the alleged defect in the sidewalk to appellant's special use thereof might be characterized as weak, we note, as the motion court did, the utter unresponsiveness of appellant's deposition witness to questions pertinent to the building's management and maintenance, and plaintiff's still unmet need for information in that regard within appellant's exclusive knowledge (CPLR 3212 [f]). Concur—Nardelli, J. P., Tom, Mazzarelli, Wallach and Buckley, JJ.