■ JOSIANE BRUN, Plaintiff, v CITY OF YONKERS, Respondent, and RALPH WATKINS, Appellant. [702 NYS2d 112] —In an action to recover damages for personal injuries, the defendant Ralph

Watkins appeals from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered December 18, 1998, as, upon granting his motion, in effect, for summary judgment dismissing the complaint insofar as asserted against him and the cross claim asserted against him by the defendant City of Yonkers, to the extent of dismissing the complaint insofar as asserted against him, deemed the cross claim against him to be a third-party claim for indemnification and contribution.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the third-party action/ cross claim is dismissed.

The plaintiff allegedly tripped and fell on a public sidewalk in front of premises owned by the appellant's decedent. A landowner will not be liable to a pedestrian injured by a defect in a public sidewalk abutting the landowner's premises unless the landowner either created the defective condition or caused it to occur because of some special use, or unless a statute or ordinance places the obligation to maintain the sidewalk upon the landowner and expressly makes the landowner liable for injuries occasioned by the failure to perform that duty (*see, Winberry v City of New York*, 257 AD2d 618; *Bachman v Town of N. Hempstead*, 245 AD2d 327). There is no evidence that the appellant's decedent created the alleged defective condition or caused it to occur because of some special use. In addition, the ordinance relied upon by the defendant City of Yonkers to support its claim for contribution and indemnification does not expressly make the landowner liable for injuries occasioned by a failure to perform the duty of maintaining sidewalks in good repair. Thus, there is no basis for the City's claim of contribution and indemnification against the appellant, and that claim should have been dismissed (*see,* CPLR 1401; *Schauer v Joyce,* 54 NY2d 1; *Puchalsky v Historic Travel Agency,* 236 AD2d 279). Sullivan, J. P., S. Miller, Friedmann and Feuerstein, JJ., concur.