(March 2, 2000)

■ BERNARD FELDMAN, Respondent, v KINGS HERO RESTAURANT, Also Known as EX-CEL FAST FOOD, et al., Appellants, et al., Defendants. [703 NYS2d 476] —Order, Supreme Court, New York County (Emily Goodman, J.), entered on or about July 12, 1999, which denied defendant Kings Hero Restaurant's (the restaurant) motion and defendant S.C.L. Hotel Corp.'s (the hotel) cross motion for summary judgment dismissing the complaint and cross-claims, unanimously modified, on the law, to grant the restaurant's motion, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant Kings Hero Restaurant dismissing the complaint as against it.

The record establishes that both defendants-appellants had special use of the sidewalk abutting the premises they respectively owned and leased. The restaurant installed and received revenue from a pay phone outside the premises it leased in the hotel's building, and the hotel was responsible for an abandoned and sealed elevator shaft which had been installed in the sidewalk by a prior owner (see, *Karr v City of New York*, 161 AD2d 449, 450 ["(t)he duty to maintain the area of special use runs with the land and is not dependent upon a finding that defendants actually installed the sidewalk or repaired it"]). The fact that the hotel never used the elevator shaft did not absolve it from its duty of inspection and repair (see, *supra*; *Trustees of Vil. of Canandaigua v Foster*, 156 NY 354, 359). Plaintiff's testimony that he tripped and fell on cracks in the sidewalk emanating from the metal plate sealing the elevator vault was sufficient to raise a triable issue as to whether the hotel's negligence in maintaining the surrounding area caused plaintiff's harm (*Granville v City of New York*, 211 AD2d 195).

1

Moreover, we find no merit to defendants' assertion that the sidewalk defect was so trivial as to render it nonactionable as a matter of law (*see, Trincere v County of Suffolk*, 90 NY2d 976). While it is true plaintiff was unable to describe the measurements of the crack, other deposition testimony and a review of photographs of the accident site show that the defect was not minimal.

However, because there is no evidence connecting plaintiff's injuries to cracks in the pavement emanating from the pay phone, and because there is no other evidence that the restaurant was responsible for or undertook any structural repairs to the surrounding sidewalk, this defendant's summary judgment motion should have been granted.

We have considered defendants' remaining contentions and find them unavailing. Concur—Sullivan, P. J., Tom, Mazzarelli, Saxe and Friedman, JJ.