■ CAMILLE BENENATI, Respondent, v CITY OF NEW YORK et al., Respondents, and EDMOND CHALOM et al., Appellants. (And

a Third-Party Action.) [723 NYS2d 69] —In an action to recover damages for personal injuries, the defendants Edmond Chalom and Esther Chalom appeal from an order of the Supreme Court, Kings County (Belen, J.), dated March 14, 2000, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, the complaint and all cross claims insofar as asserted against the appellants are dismissed, and the action against the remaining defendants is severed.

An abutting landowner will not be liable to a pedestrian passing by on a public sidewalk unless the landowner, *inter alia*, caused the defect to occur because of some special use of the sidewalk (*see, Kaufman v Silver,* 90 NY2d 204, 207; *Hausser v Giunta,* 88 NY2d 449, 452-453; *Clifford v Dam,* 81 NY 52). Here, the plaintiff allegedly tripped and fell on a defect in the curb adjacent to the curb cut which provides access to the driveway leading to the appellants' property and garage. The evidence fails to support the plaintiff's allegation that the defect was caused by the appellants' special use of the sidewalk as a driveway or that the driveway in any way contributed to the allegedly defective condition (*see, Winberry v City of New York,* 257 AD2d 618; *McGee v City of New York,* 252 AD2d 483; *Lopez v Alexander,* 251 AD2d 297; *Nguyen v Brentwood School Dist.,* 239 AD2d 406; *Noto v Mermaid Rest.,* 156 AD2d 435; *Kaszovitz v Weiszman,* 110 AD2d 117). Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment. Bracken, P. J., S. Miller, McGinity and Schmidt, JJ., concur.