■ AGHAJAN ELIASSIAN, Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Defendants, and 46-47 L.L.C., Appellant. [751 NYS2d 15] —Order, Supreme Court, New York County (Saralee Evans, J.), entered on or about March 19, 2002, which, inter alia, denied the cross motion of defendant 46-47 L.L.C. for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff was allegedly injured as a consequence of tripping upon a shunt board that had been placed on an area of the sidewalk abutting defendant-appellant 46-47 L.L.C.'s (46-47) premises to cover temporary cables, laid by defendant Consolidated Edison to restore electricity to 46-47's premises. Inasmuch as there is a triable factual issue as to whether the placement of shunt boards under these circumstances constituted a special use of the sidewalk by 46-47 giving rise to a duty on 46-47's part to maintain the provisional sidewalk structure, 46-47's cross motion for summary judgment was properly denied (*see Karr v City of New York*, 161 AD2d 449). Concur—Tom, J.P., Mazzarelli, Buckley, Sullivan and Lerner, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAFARRI SAUNDERS, Appellant. [750 NYS2d 500] —Judgment, Supreme Court, Bronx County (William Mogulescu, J.), rendered May 8, 2001, convicting defendant, upon his plea of guilty, of manslaughter in the first degree, and sentencing him to a term of 15 years, unanimously affirmed.

After a thorough hearing, the court properly exercised its discretion in denying defendant's motion to withdraw his guilty plea (*see People v Frederick*, 45 NY2d 520). The totality of circumstances, including the plea allocution and defendant's own testimony at the hearing, clearly establish the voluntariness of the plea.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Mazzarelli, Buckley, Sullivan and Lerner, JJ.