■ Victoria Ivanyushkina, Appellant, v City of New York et al., Respondents. [752 NYS2d 693] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated September 28, 2001, as granted those branches of the separate motions of the defendants Bashar Dumar and Ilham P. Dumar and the defendants Rae Scotto and Leonard Frances Scotto for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

An abutting landowner will not be liable to a pedestrian passing by on a public sidewalk unless the landowner, inter alia, caused the defect to occur because of some special use of the sidewalk (*see Kaufman v Silver,* 90 NY2d 204; *Hausser v Giunta,* 88 NY2d 449; *Ritts v Teslenko,* 276 AD2d 768). Here, the plaintiff tripped and fell on a public sidewalk directly adjacent to the driveway of the premises owned and used by

the abutting landowners. The evidence fails to support the plaintiff's allegation that the defect was caused by the special use of the sidewalk as a driveway or that the driveway in any way contributed to the allegedly defective condition (*see Moschillo v City of New York,* 290 AD2d 260; *Benenati v City of New York,* 282 AD2d 418; *Waldron v City of New York,* 260 AD2d 471; *Winberry v City of New York,* 257 AD2d 618). Accordingly, the Supreme Court properly granted the separate motions of the defendants Bashar Dumar and Ilham P. Dumar and the defendants Rae Scotto and Leonard Frances Scotto for summary judgment. Krausman, J.P., McGinity, Schmidt and Mastro, JJ., concur.