■ RICHARD TEDESCHI et al., Appellants, v KMK REALTY CORP., Defendant and Third-Party Plaintiff-Respondent. RIGHT-A-WAY TRUCKING, Third-Party Defendant-Respondent. [780 NYS2d 150]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated January 22, 2002, as granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint and from so much of an amended order of the same court dated April 11, 2003, as granted the same relief.

Ordered that the appeal from the order is dismissed, as that order was superseded by the amended order; and it is further,

Ordered that the amended order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The defendant KMK Realty Corp. (hereinafter KMK) leased a portion of certain premises to the third-party defendant Right-A-Way Trucking, Inc., doing business as Prompt Trucking (hereinafter Prompt). The sidewalk in front of the premises was intersected by a driveway serving five truck bays. The plaintiff Richard Tedeschi, an employee of Prompt, allegedly sustained injuries when he slipped and fell on a patch of ice in front of a door to a truck bay.

KMK made a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). KMK established that the subject driveway constituted a special use of the sidewalk by Prompt and Prompt alone had the duty to remove snow and ice from the special use area (*see Pantaleon v Lorimer Mgt. Corp.*, 270 AD2d 324 [2000]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Therefore, the Supreme Court properly granted that branch of KMK's cross motion which was for summary judgment dismissing the complaint. S. Miller, J.P., Schmidt, Rivera and Spolzino, JJ., concur.