■ Raisa Katz et al., Respondents, v City of New York, Respondent, and Yekel Shteynberg et al., Appellants. [796 NYS2d 639]—

In an action to recover damages for personal injuries, etc., the defendants Yekel Shteynberg and Rozalia Shteynberg appeal from an order of the Supreme Court, Kings County (Knipel, J.), dated October 31, 2003, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs.

At issue here is whether the appellants, as abutting landowners, may be held liable for a defect in a public sidewalk. The evidence in the record presents an issue of fact as to whether the defect occurred in a portion of the sidewalk which was used by the appellants and their predecessors-in-interest as a driveway. A driveway constitutes a special use (*see Tedeschi v KMK Realty Corp.*, 8 AD3d 658 [2004]).

Where the defect which caused the accident is "adjacent" to a driveway, this Court has dismissed causes of action against an abutting landowner on the ground that there was no evidence that the driveway contributed to the defective condition (*see Ivanyushkina v City of New York*, 300 AD2d 544, 545 [2002]; *Benenati v City of New York*, 282 AD2d 418, 419 [2001]; *Winberry v City of New York*, 257 AD2d 618, 619 [1999]). However, where the defect occurs in a part of the sidewalk which is used as a driveway, the abutting landowner, on a motion for summary judgment, bears the burden of establishing that he or she did "nothing to either create the defective condition or cause the condition through" the special use of the property as a driveway (*Breger v City of New York*, 297 AD2d 770, 771 [2002]).

A photograph of the accident site indicates that a tree root contributed to the accident. However, cracks adjacent to the raised portion of the sidewalk indicate that the weight of traffic from the driveway may have been a concurrent cause of the accident (*see Karr v City of New York*, 161 AD2d 449, 450 [1990]).

The abutting landowners argued that they owned the property for only eight months at the time the accident occurred and that the condition of the sidewalk remained unchanged during their ownership. However, a duty to repair a special use runs with the land (*see Kaufman v Silver*, 90 NY2d 204, 208 [1997]). Liability for a defect arising from a special use is not dependent upon a finding that the defect arose while the appellants owned the property (*see Feldman v Kings Hero Rest.*, 270 AD2d 1 [2000]; *Karr v City of New York, supra*, at 450).

Accordingly, the appellants' motion for summary judgment

was properly denied. Ritter, J.P., Goldstein, Luciano and Lifson, JJ., concur.