■ Eva SHEEHY et al., Respondents, v CITY OF NEW YORK et al., Defendants, and SUPERIOR SAVINGS OF NEW ENGLAND, N.A., Sued Herein as SUPERIOR BANK OF NEW ENGLAND, Appellant. [840 NYS2d 790]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered January 11, 2006, which denied defendant-appellant's motion for summary judgment dismissing the complaint against it, unanimously affirmed, without costs.

In light of the deposition testimony and documentary evidence adduced by plaintiffs, an issue of fact exists as to whether defendant-appellant (Superior) made a special use of the sidewalk. This evidence tended to show that while Superior did not itself make "cuts" in the sidewalk, defendant Con Edison had done so a few months before the injured plaintiff's accident for the sole purpose of fixing a gas main inside Superior's premises. Although the injured plaintiff testified that she did not remember precisely where she fell, she was certain that the fall did occur in front of Superior's premises on a broken section of pavement. Therefore, the evidence in the record creates a question of fact as to whether the broken sidewalk where she fell resulted from Con Edison's defective restoration of the

sidewalk after repairing the gas main for Superior, and thus whether the "special use" doctrine applies to render Superior liable for the injuries (*see Eliassian v Consolidated Edison Co. of N.Y.*, 300 AD2d 51 [2002]; *Perez v City of New York*, 266 AD2d 44 [1999]).

The ordinance that permits transfer of liability to an abutting landowner who does not maintain his sidewalk in a reasonably safe condition (Administrative Code of City of NY § 7-210) is inapplicable here because it took effect nine days after this accident occurred, in September 2003 (*see Zektser v City of New York*, 18 AD3d 869 [2005]). Concur—Saxe, J.P., Friedman, Williams, Buckley and Kavanagh, JJ.