■ ELAINE BLECH et al., Appellants, v WEST PARK PRESBYTERIAN CHURCH et al., Defendants, and EAGLE SCAFFOLDING SERVICES, Respondent. [959 NYS2d 50]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered October 17, 2011, which granted the motion of defendant Eagle Scaffolding Services (ESS) for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.

In September 2006, ESS entered into a contract with defend-

ant West Park Presbyterian Church (Church) to erect and install a sidewalk bridge over the sidewalk abutting the Church's property to protect pedestrians from any falling debris as the result of construction being performed at the Church. On September 28, 2007, plaintiff Elaine Blech was injured when, while walking underneath the bridge, she tripped and fell over a defect in the sidewalk. She testified that she had walked by the Church earlier that morning and had avoided the defect because she could see it, but on that evening the natural light was poor and the lights underneath the bridge were not on.

Summary judgment was properly granted in ESS's favor because the evidence showed that there were no triable issues of fact as to its liability. Pursuant to the terms of the contract between ESS and the Church, as part of ESS's installation of the sidewalk bridge, ESS provided a lighting system underneath the bridge through an independent contractor. The contract specified that the Church was to inspect the bridge and lodge any complaints with ESS within three days after completion of the installation, and if no complaints were made, then the Church had accepted the installation as proper. The contract further specified that the Church, and not ESS, was responsible for inspecting, repairing, and maintaining the lighting system. The evidence showed that the Church accepted the installation in accordance with the contract, and that ESS was never notified of any problem with the lighting system during the three-day period or at any time before Blech's fall.

ESS established that it did not create the lighting problem alleged to have contributed to Blech's fall, nor did it have any duty to maintain the lighting system. Plaintiffs failed to rebut this showing by presenting evidence that ESS negligently installed the bridge or that it was ever on notice of any problem with the lighting system (*see Kaufman v Silver*, 90 NY2d 204, 208 [1997]).

Plaintiffs' argument that the injured plaintiff may have been diverted into the path of the sidewalk defect via ESS's purportedly negligent installation of the bridge was improperly raised for the first time in their reply brief (*see e.g. Ginsberg v Rudey*, 280 AD2d 267 [1st Dept 2001], *lv denied* 96 NY2d 711 [2001]). Concur—Mazzarelli, J.P., Renwick, Richter, Gische and Clark, JJ.