In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), dated November 30, 2011, as granted that branch of the motion of the defendants Robert Hamilton, Sterling Hamilton, and Susan Kenny which was for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Robert Hamilton, Sterling Hamilton, and Susan Kenny which was for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiff allegedly tripped and fell over a defect in the sidewalk abutting residential real property owned by the defendants Robert Hamilton, Sterling Hamilton, and Susan Kenny (hereinafter collectively the individual defendants). One end of a driveway on the individual defendants’ property adjoins a portion of the sidewalk. At her deposition, the plaintiff testified that the accident occurred around the area where the driveway adjoins the sidewalk.
The plaintiff commenced this personal injury action against the individual defendants, among others. The individual defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, and the Supreme Court granted that branch of their motion.
The individual defendants made a prima facie showing of *803 their entitlement to judgment as a matter of law by submitting, inter alia, a transcript of the deposition testimony of the defendant Sterling Hamilton, which established that neither he nor the other individual defendants created the alleged defective condition or caused the condition through the special use of the sidewalk as a driveway (see Bachman v Town of N. Hempstead, 245 AD2d 327, 328 [1997]).
In opposition, the plaintiff submitted, among other things, photographs of the accident site, the accuracy of which is unchallenged by the individual defendants. These photographs show cracks in the slab of sidewalk which adjoins the driveway, as well as cracks in the sidewalk adjacent to the portion of the sidewalk which adjoins the driveway. In an affidavit, the plaintiff identified the area of the sidewalk adjacent to and adjoining the driveway as the location where she fell.
A landowner will not be liable to a pedestrian injured by a defect in a public sidewalk abutting the landowner’s premises unless the landowner either created the defective condition or caused it to occur because of some special use, or unless a statute or ordinance places the obligation to maintain the sidewalk upon the landowner and expressly makes the landowner liable for injuries occasioned by the failure to perform that duty (see Long v Town of Southold, 96 AD3d 808 [2012]; Brun v City of Yonkers, 269 AD2d 346 [2000]; Winberry v City of New York, 257 AD2d 618 [1999]). It is undisputed that the ordinance at issue in this case does not expressly make the landowner liable for injuries occasioned by a failure to perform the duty of maintaining sidewalks in good repair. Accordingly, the question to be determined is whether the plaintiff raised a triable issue of fact as to whether the individual defendants created the alleged defective condition or caused it to occur because of some special use.
A driveway can constitute a special use of a sidewalk (see Katz v City of New York, 18 AD3d 818 [2005]; Tedeschi v KMK Realty Corp., 8 AD3d 658 [2004]). “Where the defect which caused the accident is ‘adjacent’ to a driveway, this Court has dismissed causes of action against an abutting landowner on the ground that there was no evidence that the driveway contributed to the defective condition” (Katz v City of New York, 18 AD3d at 819; see Ivanyushkina v City of New York, 300 AD2d 544, 545 [2002]; Benenati v City of New York, 282 AD2d 418, 419 [2001]; Winberry v City of New York, 257 AD2d at 619). Here, however, the plaintiffs expert, who visited the site approximately five months after the subject accident occurred, and authored a report and affidavit which were submitted in opposition to the individual *804 defendants’ motion, opined that the cracks which the plaintiff alleges caused her to fall were in a portion of the sidewalk which was part of the same block of cement that adjoined the driveway on the individual defendants’ property and that the weight of vehicular traffic from the driveway continuing over this single continuous slab of sidewalk may have created the cracked condition in the area where the plaintiff fell (see Katz v City of New York, 18 AD3d at 819; Karr v City of New York, 161 AD2d 449, 450 [1990]). Thus, the plaintiff raised a triable issue of fact as to whether the defect occurred as the result of the individual defendants using, as a driveway, a section of the sidewalk slab upon which the plaintiff fell (see Katz v City of New York, 18 AD3d 818 [2005]).
The individual defendants’ remaining contentions are without merit.
Accordingly, the Supreme Court should have denied that branch of the individual defendants’ motion which was for summary judgment dismissing the complaint insofar as asserted against them. Skelos, J.E, Angiolillo, Roman and Cohen, JJ., concur.