■ EDMUND G. RAKOWSKI et al., Appellants, v ST. AIDAN'S ROMAN CATHOLIC CHURCH, Respondent, et al., Defendant. [23 NYS3d 296]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Diamond, J.), entered September 30, 2014, as granted the motion of the defendant St. Aidan's Roman Catholic Church for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff allegedly tripped and fell over a defect in a curb located two or three feet away from the curb cut that provided access to the driveway leading to the property and parking lot of the defendant St. Aidan's Roman Catholic Church (hereinafter the defendant). The injured plaintiff, and his wife suing derivatively, commenced this action against, among others, the defendant. The defendant moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it had no statutory duty to maintain the curb where the defect existed and that it did not create the defect through its special use of the sidewalk as a driveway. The Supreme Court granted the motion.

Generally, liability for injuries sustained as a result of dangerous and defective conditions on public sidewalks is placed on the municipality and not the abutting landowner (*see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]). "However, an abutting landowner will be liable to a pedestrian injured by a defect in a sidewalk where the landowner created the defect, caused the defect to occur by some special use of the sidewalk, or breached a specific ordinance or statute which obligates the owner to maintain the sidewalk" (*Staruch v 1328 Broadway Owners, LLC*, 111 AD3d 698, 698 [2013]; *see Romano v Leger*, 72 AD3d 1059 [2010]).

Here, the defendant established, prima facie, that pursuant to Code of Village of Williston Park § 192-9, it had no duty to maintain the curb where the defect was located (*see generally Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 521 [2008]; *Balsam v Fioriglio*, 123 AD3d 750, 751 [2014]). The defendant also established, prima facie, that it did not create the defect or cause it to occur through its use of the sidewalk as a driveway (*see Ivanyushkina v City of New York*, 300 AD2d 544, 545 [2002]; *Benenati v City of New York*, 282 AD2d 418, 419 [2001]; *Winberry v City of New York*, 257 AD2d 618, 619 [1999]). In opposition, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact (*see Rubenstein v DeGeorgio*, 236 AD2d 383 [1997]; *cf. Rodriguez v City of Yonkers*, 106 AD3d 802, 803-804 [2013]; *Tate v Freeport Union School Dist.*, 7 AD3d 695 [2004]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it. Chambers, J.P., Sgroi, Miller and LaSalle, JJ., concur.