Ermioni Bouratoglou and John Bouratoglou, Respondents, April 6, 2016
against
The City of New York, the New York City Department of Transportation, the New York City Department of Buildings, Michael Partridge, Chris Partridge, Harry Partridge, Jr., Demetrius Partridge, Katherine Olausson, Individually, and as Trustees under the Testamentary Trust created under the Last Will and Testament of Harry Partridge, Deceased, dated 4/27/88, Partridge Realty, Partridge & Partridge Realty Corp. and Consolidated Edison Company of New York, Defendants, -and- Start up Construction Services, LLC, Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered March 5, 2013. The order, insofar as appealed from, denied a motion by defendant Start Up Construction Services, LLC for summary judgment dismissing so much of the complaint as was asserted against it.




ORDERED that the order, insofar as appealed from, is affirmed, without costs. 
In this personal injury action, which was begun in Supreme Court and was removed to Civil Court pursuant to CPLR 325 (d), plaintiff Ermioni Bouratoglou alleged that, as she had been walking on a sidewalk, she tripped and fell over a square metal piece, which was raised approximately two inches above the level of the sidewalk and which was surrounded by cracked or broken cement. The sidewalk, which was on 30th Avenue in Astoria, Queens, was adjacent to a fenced-in construction site at the corner of 30th Avenue and 30th Street, at which defendant Start Up Construction Services, LLC (Start Up) was the general contractor. The construction site had access points from the roadways of both 30th Avenue and 30th Street. It is undisputed that plaintiff fell directly outside the 30th Avenue access point.
Following discovery, insofar as is relevant to this appeal, Start Up moved for summary judgment dismissing so much of the complaint as was asserted against it. It argued that it could [*2]not be held liable for maintaining the object upon which plaintiff had fallen or the sidewalk immediately surrounding that object, or otherwise be found responsible for plaintiff's accident. The Civil Court denied Start Up's motion.
The doctrine of special use authorizes the imposition of liability upon an adjacent occupier of land which has interfered with a street for private purposes unrelated to the public use; in such instance, the person or entity deriving a private benefit is required to maintain the specially used property in a reasonably safe condition to avoid injury to others (see Kaufman v Silver, 90 NY2d 204, 207 [1997]; see also Noia v Maselli, 45 AD3d 746 [2007]; 85 NY Jur 2d, Premises Liability §§ 81, 348). The doctrine of special use applies where a portion of a sidewalk is used as a driveway (see e.g. Katz v City of New York, 18 AD3d 818, 819 [2005]; Tedeschi v KMK Realty Corp., 8 AD3d 658 [2004]). Where a plaintiff trips on a defect in a sidewalk, an entity that has established a special use of the sidewalk bears the burden, upon its motion for summary judgment, of demonstrating that it did nothing to create the defect in the sidewalk through its special use of the sidewalk as a driveway (see Adorno v Carty, 23 AD3d 590, 591 [2005]; Katz v City of New York, 18 AD3d at 819; Breger v City of New York, 297 AD2d 770, 771 [2002]). 
Although, in support of its motion for summary judgment, Start Up claimed that, because 30th Avenue was busier than 30th Street, it had only used the 30th Street access point for bringing heavy equipment into the construction site, the deposition testimony Start Up submitted in support of its motion left unresolved whether Start Up or its subcontractors might have established a special use over the sidewalk at the 30th Avenue access point to the construction site and damaged the sidewalk, by driving vehicles or bringing heavy equipment through the 30th Avenue access point, and whether Start Up might thus have caused the condition that caused plaintiff's fall (see Morales v Sinmar Dev. Corp., 298 AD2d 236, 237 [2002]). Consequently, Start Up's motion papers failed to make a prima facie showing that Start Up had not created, by its special use of the sidewalk, the dangerous condition which had caused plaintiff's fall (cf. Flynn v City of New York, 84 AD3d 1018, 1019 [2011]; Grier v 35-63 Realty, Inc., 70 AD3d 772, 773 [2010]). 
In the alternative, Start Up contends that plaintiff fell over metal hardware which belonged to defendant Consolidated Edison Company of New York, or over broken concrete in the area extending 12 inches outward from the perimeter of the hardware, and that, pursuant to the Rules of the City of New York, Start Up was exculpated from liability. Under Rules of City of New York Department of Transportation (34 RCNY) § 2-07 (b) (1), "[t]he owners of covers or gratings on a street are responsible for monitoring the condition of the covers and gratings and the area extending twelve inches outward from the perimeter of the hardware." Sidewalks fall within the definition of a street for purposes of the rules for covers and gratings (see Rules of City of NY Dept of Transportation [34 RCNY] § 2-01).
The evidence suggests that the metal hardware involved in plaintiff's fall was a gas valve cap, which does not fall within the purview of Rules of City of New York Department of Transportation (34 RCNY) § 2-07 (b) (see Rojas v Con Edison, 34 Misc 3d 69 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; see also Klau v Belair Bldg., LLC, 110 AD3d 769, 771 [2013]; but see Fontanazza v Central Parking Sys. of NY, Inc., 37 Misc 3d 138[A], 2012 NY Slip Op 52190[U] [App Term, 1st Dept 2012]). 
In view of the foregoing, Start Up failed to establish, prima facie, its entitlement to summary judgment, and thus its motion was properly denied.
Accordingly, the order, insofar as appealed from, is affirmed.
Weston, J.P., Solomon and Elliot, JJ., concur.
Decision Date: April 06, 2016