ELIZABETH LAGAWO, Appellant, v CECELIA MYERS, Respondent, et al., Defendant. [52 NYS3d 487]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), dated February 22, 2016, which granted the motion of the defendant Cecelia Myers for summary judgment dismissing the amended complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly tripped and fell due to an uneven sidewalk condition adjacent to property owned by the defendant Cecelia Myers in Yonkers. The plaintiff subsequently commenced this action against Myers, among others. Myers moved for summary judgment dismissing the amended complaint insofar as asserted against her. The Supreme Court granted the motion, and the plaintiff appeals.

Generally, liability for injuries sustained as a result of dangerous and defective conditions on public sidewalks is placed on the municipality, and not the abutting landowner (*see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]; *Lewis v Palazzolo*, 143 AD3d 783, 784-785 [2016]). "However, an abutting landowner will be liable to a pedestrian injured by a defect in a sidewalk where the landowner created the defect, caused the defect to occur by some special use of the sidewalk, or breached a specific ordinance or statute which obligates the owner to maintain the sidewalk" (*Staruch v 1328 Broadway Owners, LLC*, 111 AD3d 698, 698 [2013]; *see O'Toole v City of Yonkers*, 107 AD3d 866, 867 [2013]; *Romano v Leger*, 72 AD3d 1059 [2010]).

In order for a statute or ordinance to impose tort liability upon an abutting owner for injuries caused by a sidewalk defect, the language thereof must not only charge the landowner with a duty, it must also specifically state that a breach of that duty will result in the landowner's liability to those who are injured (*see Dalder v Incorporated Vil. of Rockville Ctr.*, 116 AD3d 908, 909 [2014]; *Conlon v Village of Pleasantville*, 146 AD2d 736, 737 [1989]).

Here, Myers established her prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the accident occurred on a public sidewalk and that she did not create the defect, make special use of the sidewalk, or violate any statute or ordinance charging her with a duty to maintain the sidewalk and making her liable for injuries caused by a breach of that duty (*see Maya v Town of Hempstead*, 127 AD3d 1146, 1147-1148 [2015]; *Dalder v Incorporated Vil. of Rockville Ctr.*, 116 AD3d at 909). While Yonkers City Code § 103-1 requires landowners to maintain sidewalks abutting their property in a safe condition, it does not impose tort liability upon them for injuries caused by a violation of that duty (*see Rodriguez v County of Westchester*, 138 AD3d 713, 716 [2016]; *Rodriguez v City of Yonkers*, 106 AD3d 802, 803 [2013]; *Brun v City of Yonkers*, 269 AD2d 346, 347 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted Myers's motion for summary judgment dismissing the amended complaint insofar as asserted against her. Chambers, J.P., Hall, Maltese and Brathwaite Nelson, JJ., concur.