McAllister v City of New York (2019 NY Slip Op 03006)





McAllister v City of New York


2019 NY Slip Op 03006


Decided on April 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2019

Renwick, J.P., Gische, Webber, Singh, JJ.


9074 157948/13

[*1]Sharena H. McAllister, et al., Plaintiffs,
v
The City of New York, Defendant-Respondent, New York City Housing Authority, Defendant-Appellant.


Herzfeld & Rubin, P.C., New York (Linda M. Brown of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jeremy W. Shweder of counsel), for respondent.



Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered April 27, 2018, which granted defendant City's motion for summary judgment dismissing the complaint and cross claims against it, unanimously affirmed, without costs.
The City established that it did not own or control the walkway on which the decedent (whose death was unrelated to the alleged incident) allegedly tripped and fell into a hole by submitting a deed showing that the property belonged to defendant Housing Authority (NYCHA). The City also established that it did not cause or create the condition by submitting records showing that it did not perform any work in the area during the relevant period (see Balsam v Delma Eng'g Corp. , 139 AD2d 292, 296-297 [1st Dept 1988], lv dismissed in part , denied in part 73 NY2d 783 [1988]). One service request in the vicinity of the accident site identified by plaintiff and NYCHA concerned a hole created by an undersized steel plate or manhole cover in a playground. However, the decedent's deposition testimony made no mention of a steel plate, and the decedent testified that the hole he fell on was on the walkway, not in a playground.
Contrary to NYCHA's contention, the City's sewer easement running under the walkway does not impose a duty on the City to maintain or repair the sidewalk, which, according to the unrefuted testimony of a witness, is at least 10 or 20 feet above the easement, unless the easement causes the dangerous condition. The City established that there is no evidence that the hole that caused the accident was related in any way to the easement. In opposition, NYCHA failed to present evidence sufficient to raise an issue of fact as to the cause or creation of the hole.
Contrary to NYCHA's further contention, responsibility for maintaining the walkway in a reasonably safe condition cannot be imposed upon the City on the ground that the City derives a special benefit from the public property, because the public benefits from the easement (see [*2]Kaufman v Silver , 90 NY2d 204, 207 [1997]).
We have considered NYCHA's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2019
CLERK