Saez v Sapir Realty Mgt. Corp. (2020 NY Slip Op 03863)





Saez v Sapir Realty Mgt. Corp.


2020 NY Slip Op 03863


Decided on July 9, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2020

Friedman, J.P., Renwick, Gische, Mazzarelli, Moulton, JJ.


11795 112424/10

[*1] Marie Saez, et al., Plaintiffs-Appellants,
v
Sapir Realty Management Corp., et al., Defendants-Respondents, Consolidated Edison of New York, Inc., Defendant.


Sciretta & Venterina, LLP, Staten Island (Antonia Sciretta of counsel), for appellants.
Carol R. Finocchio, New York, for respondents.



Order, Supreme Court, New York County (David B. Cohen, J.), entered September 18, 2018, which granted defendants Sapir Realty Management Corp., 11 Madison Avenue, LLC, and 11 Madison Avenue Member LLC's (collectively 11 Madison defendants) motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion denied.
The record does not demonstrate conclusively that the owner of the sidewalk vault grate on which plaintiff Marie Saez allegedly tripped was defendant Con Ed, rather than the 11 Madison defendants, who owned the property abutting the sidewalk where the grate was located. There is an affidavit by the president of defendant Sapir Realty Management Corp. averring that the grates were already installed when the 11 Madison defendants acquired the property in 2003 and that the 11 Madison defendants had never been advised by Con Ed that they had any responsibility for maintaining the grates over Con Ed's utility vaults or presented with any plans concerning the grates. There is also evidence that the 11 Madison defendants' predecessor in interest had purchased and installed the non-standard vault gratings, and there is a note on the plot plan for the vault construction stating that this entity was to "supply, install and maintain" the non-standard gratings it had requested. As issues of fact exist whether Con Ed or the 11 Madison defendants owned the gratings, it cannot be concluded that Con Ed was responsible for maintaining the gratings and the area around them in safe condition (see 34 RCNY 2-07[b]; Jones v 3417 Broadway LLC, 172 AD3d 551 [1st Dept 2019]; Storper v Kobe Club, 76 AD3d 426 [1st Dept 2010]; Administrative Code of City of NY § 7-210).
Issues of fact also exist as to whether the 11 Madison defendants' predecessor's installation of the non-standard vault grates constitutes a special use of the sidewalk by these defendants. Although there is evidence that they had no access to the grates and the vault, the evidence is not conclusive. Moreover, there is evidence that the transformers in the vaults provided electrical service solely to their property (see generally Karr v City of New York, 161 AD2d 449 [1st Dept 1990]; Sheehy v City of New York, 43 AD3d 336 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2020
CLERK