Byrams v Hamilton (2025 NY Slip Op 00419)

Byrams v Hamilton

2025 NY Slip Op 00419

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-08157
 (Index No. 512738/15)

[*1]Clifford Byrams, respondent, 
v
Winnifred C. Hamilton, et al., appellants.

John Trop (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellants.
Rickner PLLC, New York, NY (Robert Rickner of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated June 14, 2023. The order, in effect, denied the defendants' renewed motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' renewed motion for summary judgment dismissing the complaint is granted.
On September 10, 2014, the plaintiff allegedly fell when he stepped in a hole "by the curb cut" adjacent to the defendants' property. Thereafter, the plaintiff commenced this action against the defendants to recover damages for personal injuries sustained in the alleged fall. In an order dated April 3, 2017, the Supreme Court denied the defendants' motion for summary judgment dismissing the complaint, without prejudice to renew. In an order dated June 14, 2023, the court, in effect, denied the defendants' renewed motion for summary judgment dismissing the complaint. The defendants appeal.
"Generally, liability for injuries sustained as a result of a dangerous condition on a public sidewalk is placed on the municipality, and not on the owner of the abutting land" (James v Blackmon, 58 AD3d 808, 808; see Hausser v Giunta, 88 NY2d 449, 452-453; Aracena v City of New York, 136 AD3d 717, 717-718). "However, liability may be imposed on the abutting landowner where the landowner either affirmatively created the dangerous condition, voluntarily but negligently made repairs to the sidewalk, created the dangerous condition through a special use of the sidewalk, or violated a statute or ordinance expressly imposing liability on the abutting landowner for a failure to maintain the sidewalk" (James v Blackmon, 58 AD3d at 808; see Hausser v Giunta, 88 NY2d at 453; Kuritsky v Meshenberg, 211 AD3d 834, 835). "A driveway can constitute a special use of a sidewalk" (Rodriguez v City of Yonkers, 106 AD3d 802, 803; see Hanze v City of New York, 166 AD3d 734).
Typically, "a duty to repair a special use runs with the land" and, therefore, "[l]iability for a defect arising from a special use is not dependent upon a finding that the defect arose while the [defendants] owned the property" (Katz v City of New York, 18 AD3d 818, 819). However, "the duty to repair runs with land [only] as long as the appurtenance is maintained for the benefit of the land" [*2](Kaufman v Silver, 90 NY2d 204, 208; see Trustees of Vil. of Canandaigua v Foster, 156 NY 354, 359). In other words, a present owner or other relevant party in possession of real property will only be liable for defects created by the special use of the property by a previous owner if the present owner continues to derive the special benefit unrelated to the public use of the property (see Kaufman v Silver, 90 NY2d at 208; Trustees of Vil. of Canandaigua v Foster, 156 NY at 359; Padarat v New York City Tr. Auth., 175 AD3d 700, 704).
Here, the defendants established, prima facie, that the property was a one-family residence that was owner occupied, and used exclusively for residential purposes. Therefore, pursuant to section 7-210(b) of the Administrative Code of the City of New York, the defendants established, prima facie, that they were not liable for dangerous conditions on the sidewalk abutting the property, which they did not affirmatively create, voluntarily but negligently repair, or create through a special use of the sidewalk (see Koronkevich v Dembitzer, 147 AD3d 916, 917). The defendants also met their burden of demonstrating, prima facie, that they did not affirmatively create, voluntarily but negligently repair, or create through a special use of the sidewalk, the alleged hole in curb cut which caused the plaintiff to fall.
In opposition, the plaintiff failed to raise a triable issue of fact. Even assuming, arguendo, that the plaintiff provided competent evidence that a prior owner of the property made a special use of the sidewalk as a driveway, the defendants had no obligation to repair damage to the sidewalk because they did not continue to derive any special benefit from the use of the sidewalk after they purchased the property (see Padarat v New York City Tr. Auth., 175 AD3d at 704).
Accordingly, the Supreme Court should have granted the defendants' renewed motion for summary judgment dismissing the complaint.
DILLON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court