Goon v Grand Cent. Partnership, Inc. (2025 NY Slip Op 03863)

Goon v Grand Cent. Partnership, Inc.

2025 NY Slip Op 03863

Decided on June 26, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 26, 2025

Before: Kern, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Index No. 161492/17|Appeal No. 4640|Case No. 2023-06001|

[*1]Louisa Y. Goon, et al., Plaintiffs-Appellants,
v
Grand Central Partnership, Inc., et al., Defendants-Respondents.

Law Offices of Wade T. Morris, New York (Kenneth J. Gorman of counsel), for appellants.
Buratti, Turpin & Lenoff, New York (Michael J. Lenoff of counsel), for Bernhard & Levenson, Inc., respondent.
Pillinger Miller Tarallo, LLP, Elmsford (Richard J. Freire of counsel), for Grand Central Partnership, Inc., and Grand Central District Management Association, Inc., respondents.
Muriel Goode-Trufant, Corporation Counsel, New York (D. Alan Rosinus, Jr., of counsel), for City respondent.

Order, Supreme Court, New York County (Judy H. Kim, J.), entered November 2, 2023, which denied plaintiffs' motion for summary judgment on liability and granted defendants' respective motions for summary judgment dismissing the complaint against them, unanimously affirmed, without costs.
Plaintiff alleged that she tripped and fell when her toe hit a granite border that surrounded a tree well on the sidewalk. Defendants Grand Central Partnership, Inc. and Grand Central District Management Association, Inc. (collectively Grand Central) admitted that it installed and maintained the granite border around the tree well, which was owned by defendant City of New York. Defendant Bernhard & Levenson, Inc. (B&L) was the owner of the abutting property where plaintiff fell.
The court correctly granted defendants' motions for summary judgment dismissing the complaint against them. As to defendant B&L, plaintiffs' evidence was insufficient to raise an issue of fact concerning B&L's installation, maintenance, or special use of the granite border and tree well (see Smith v 125th St. Gateway Ventures, LLC, 75 AD3d 425, 425 [1st Dept 2010]). The evidence established prima facie the City's ownership of the tree well and Grand Central's installation of the border. In opposition, plaintiffs failed to create a question of fact as to whether the tree well and border were installed at B&L's behest or for its personal benefit, as opposed to benefitting the general public (see Kaufman v Silver, 90 NY2d 204, 207 [1997]).
Plaintiffs' contention that Administrative Code of City of NY § 7-210 required B&L to maintain the granite border because it was part of the sidewalk is unpersuasive, as the tree well was not part of the sidewalk (see Cabral v Triangle, LLC, 234 AD3d 518, 519 [1st Dept 2025]). Moreover, it was undisputed that the tree well was owned by the City, and that Administrative Code § 7-210 is inapplicable to tree wells (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 521 [2008]).
Grand Central demonstrated that the granite border was not inherently dangerous and that it was in good repair. The court properly rejected plaintiffs' expert's assertions concerning violations of various statutes and Department of Transportation rules, as those provisions addressed sidewalk conditions, not tree wells, and the 2008 and 2009 Planting Standards the expert cited post-dated the installation of the border. Plaintiffs also failed to raise any disputed issues of fact concerning their claim that the granite border was a design defect (see Denny v Ford Motor Co., 87 NY2d 248, 257 [1995]).
The City's motion was not premature. The testimony from a witness concerning the circumstances surrounding the removal of a tree from the tree well is irrelevant inasmuch as the absence of the tree was not sufficient to impose liability on the City (see Carney v City of New York, 232 AD3d 535, 536-537 [1st Dept 2024]).
We have considered plaintiffs' remaining arguments and find them unavailing[*2]. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 26, 2025