■ LILLIAN PETRILLO et al., Appellants, v TOWN OF HEMPSTEAD et al., Respondents. [925 NYS2d 866]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), dated September 17, 2009, as granted those branches of the renewed motion of the defendant Town of Hempstead and the cross motion of the defendant Alfred G. Keifer, Jr., as executor of the estate of Irene G. Keifer, which were for summary judgment dismissing the complaint insofar as asserted against each of them.

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered April 15, 2010, which denied that branch of their motion which was for leave to renew their opposition to that branch of the cross motion of the defendant Alfred G. Keifer, Jr., as executor of the estate of Irene G. Keifer, which was for summary judgment dismissing the complaint insofar as asserted against him, which had been determined in an order dated September 17, 2009, and, upon reargument, adhered to the determination in the order dated September 17, 2009, granting those branches of the renewed motion of the defendant Town of Hempstead and the cross motion of the defendant Alfred G. Keifer, Jr., as executor of the estate of Irene G. Keifer, which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order entered April 15, 2010, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the determination in the order dated September 17, 2009, granting that branch of the cross motion of the defendant Alfred G. Keifer, as executor of the estate of Irene G. Keifer,

which was for summary judgment dismissing the complaint insofar as asserted against him, and substituting therefor a provision, upon reargument, vacating that determination and thereupon denying that branch of the cross motion; as so modified, the order entered April 15, 2010, is affirmed, with one bill of costs to the defendant Town of Hempstead, payable by the plaintiff, and one bill of costs to the plaintiff, payable by the defendant Alfred G. Keifer, as executor of the estate of Irene G. Keifer.

The injured plaintiff allegedly tripped and fell over a defective condition in the sidewalk abutting premises owned at the time by Irene G. Keifer. The injured plaintiff and her husband, suing derivatively, thereafter commenced this action against Irene G. Keifer and the Town of Hempstead. The Town moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it before Irene G. Keifer was deposed. The Supreme Court denied the Town's motion, with leave to renew. Irene G. Keifer died before she was deposed, and her son, Alfred G. Keifer, Jr., as executor of the estate of Irene G. Keifer (hereinafter Alfred Keifer), was substituted for her as a named defendant. The Town renewed its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending, as it did in its original motion, that it did not have prior written notice of the alleged defect. Alfred Keifer cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him on the ground that his decedent, as the abutting owner, did not create the alleged hazardous condition by negligently repairing the sidewalk. The Supreme Court granted both the motion and cross motion and, upon reargument, adhered to those determinations. We modify the order made upon reargument.

Upon reargument, the Supreme Court should have denied that branch of the cross motion of Alfred Keifer which was for summary judgment dismissing the complaint insofar as asserted against him. An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty (*see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]; *Romano v Leger*, 72 AD3d 1059 [2010]; *Sachs v County of Nassau*, 60 AD3d 1032 [2009]). Alfred Keifer nonetheless failed to establish, prima facie, that his decedent did not create the alleged hazardous condition by negligently repairing the

sidewalk abutting her premises (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Certain statements allegedly made by his decedent to him concerning the condition at issue constituted inadmissible hearsay (see Nucci v Proper, 95 NY2d 597, 602 [2001]; Roldan v New York Univ., 81 AD3d 625 [2011]; Rodriguez v Sixth President, 4 AD3d 406, 407 [2004]). Since Alfred Keifer failed to establish his entitlement to judgment as a matter of law, it is not necessary to review the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]).

The Town established its prima facie entitlement to judgment as a matter of law by submitting the affidavit of its employee in which the employee averred that the Town did not have prior written notice of the alleged defect (see Code of Town of Hempstead § 6-1; Kiszenik v Town of Huntington, 70 AD3d 1007 [2010]; Koehler v Incorporated Vil. of Lindenhurst, 42 AD3d 438 [2007]; Akcelik v Town of Islip, 38 AD3d 483, 484 [2007]; Granderson v City of White Plains, 29 AD3d 739 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, upon reargument, the Supreme Court properly adhered to its original determination granting that branch of the renewed motion of the defendant Town of Hempstead which was for summary judgment dismissing the complaint insofar as asserted against it (see CPLR 2221 [d]).

The plaintiffs' remaining contention is without merit. Rivera, J.P., Eng, Roman and Miller, JJ., concur.