Daniel v Khadu (2021 NY Slip Op 00291)





Daniel v Khadu


2021 NY Slip Op 00291


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-07588
 (Index No. 616134/18)

[*1]Sandra Daniel, et al., respondents, 
v
Allan Khadu, appellant, et al., defendant.


Shearer PC, Locust Valley, NY (Joseph A. Lupo, Jr., and Mark G. Vaughan of counsel), for appellant.
Scott F. Guardino, PLLC, Garden City, NY, for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Allan Khadu appeals from an order of the Supreme Court, Nassau County (John M. Galasso, J.), entered May 24, 2019. The order denied that defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Allan Khadu pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him is granted.
The plaintiff Sandra Daniel (hereinafter the injured plaintiff) allegedly sustained personal injuries when she tripped and fell on an uneven condition on a sidewalk abutting property owned by the defendant Allan Khadu in the Village of Freeport. The injured plaintiff, and her husband suing derivatively, commenced this action against Khadu and the Village. Khadu moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him. The Supreme Court denied the motion. Khadu appeals.
In considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275).
"Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous [or] defective conditions to public sidewalks is placed on the municipality and not the abutting landowner" (Hausser v Giunta, 88 NY2d 449, 452-453; see Bousquet v Water View Realty Corp., 161 AD3d 718, 719). "An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused [*2]the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty" (Petrillo v Town of Hempstead, 85 AD3d 996, 997; see Bousquet v Water View Realty Corp., 161 AD3d at 719).
Here, the evidentiary material submitted by Khadu in support of his motion established as a matter of law that the plaintiffs had no cause of action against him. Khadu demonstrated that he did not create the alleged condition or cause the condition through a special use of the sidewalk. Additionally, although section 180-2 of the Code of the Village of Freeport requires an abutting landowner to keep a sidewalk in good and safe repair, it does not specifically impose tort liability for a breach of that duty (see Bousquet v Water View Realty Corp., 161 AD3d at 719; Lagawo v Myers, 149 AD3d 1056, 1057; Obee v Ricotta, 140 AD3d 1134, 1135). Accordingly, the Supreme Court should have granted Khadu's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against him.
RIVERA, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court