Donaghy v Liddy (2021 NY Slip Op 03573)





Donaghy v Liddy


2021 NY Slip Op 03573


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2020-03726
 (Index No. 616627/18)

[*1]Margaret Donaghy, respondent, 
v
Eileen M. Liddy, et al., appellants, et al., defendant.


Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby and Christi M. Kunzig of counsel), for appellants.
McAndrew, Conboy & Prisco, LLP, Melville, NY (Michael J. Prisco of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Eileen M. Liddy and James P. Liddy appeal from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), dated February 18, 2020. The order, insofar as appealed from, denied that branch of those defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when she tripped and fell on an uneven sidewalk abutting a property owned by the defendants Eileen M. Liddy and James P. Liddy (hereinafter together the defendants) in the Incorporated Village of Garden City. There was a concrete walkway in the grassy area abutting the sidewalk, and the uneven condition was located where the sidewalk met the concrete walkway. At the time of the accident, the defendants' landscaper had placed two large barrels next to each other on the sidewalk abutting the property. The plaintiff entered the grassy area and the concrete walkway therein in order to walk around the barrels on the sidewalk. The plaintiff was stepping back onto the sidewalk that abutted the defendants' property when the accident occurred.
The plaintiff commenced this action against the defendants and the Village. The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, contending that as abutting landowners, they could not be held liable for this accident which occurred on a public sidewalk. The Supreme Court denied the defendants' motion.
"Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous [or] defective conditions to public sidewalks is placed on the municipality and not the abutting landowner" (Hausser v Giunta, 88 NY2d 449, 452-453; see Bousquet v Water View Realty Corp., 161 AD3d 718, 719). "An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a [*2]breach of that duty" (Petrillo v Town of Hempstead, 85 AD3d 996, 997; see Bousquet v Water View Realty Corp., 161 AD3d at 719).
Here, the defendants met their initial burden as the movants (see Alvarez v Prospect Hosp., 68 NY2d 320, 324) with respect to the issue of special use. The defendants established, prima facie, that the concrete walkway in the grassy area, which was owned by the municipality, was not constructed in a manner to provide a special benefit to the defendants unrelated to the public use (see Padarat v New York City Tr. Auth., 175 AD3d 700, 704; Lobel v Rodco Petroleum Corp., 233 AD2d 369; Scalici v City of New York, 215 AD2d 744). In opposition, however, the plaintiff raised a triable issue of fact as to whether the presence of the barrels on the sidewalk, which blocked direct passage on the sidewalk, constituted a special use of the sidewalk and whether the placement of them diverted the plaintiff's path toward the defect at issue (see Hunter v City of New York, 23 AD3d 223; Ryan v Gordon L. Hayes, Inc., 22 AD2d 985).
Accordingly, that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them was properly denied.
LASALLE, P.J., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court