Kearns v Cedar Cove Dev. Corp. (2022 NY Slip Op 04795)

Kearns v Cedar Cove Dev. Corp.

2022 NY Slip Op 04795

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2020-03703
 (Index No. 607625/15)

[*1]Sherman Kearns, et al., appellants, 
v
Cedar Cove Development Corp., defendant, Cedar Cove Redevelopment Company Owners Corp., respondent.

Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn, Liss M. Mendez, and Andrew J. Fisher], of counsel), for appellants.
Law Offices of Buratti, Rothenberg & Burns, East Meadow, NY (Alan M. Shushan and Veronica A. Rozo of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (George Nolan, J.), dated May 8, 2020. The order granted the motion of the defendant Cedar Cove Redevelopment Company Owners Corp. for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Cedar Cove Redevelopment Company Owners Corp. for summary judgment dismissing the complaint insofar as asserted against it is denied.
In November 2012, the plaintiff Sherman Kearns (hereinafter the injured plaintiff) allegedly was injured when he tripped and fell over a raised sidewalk flag on a sidewalk abutting property owned by the defendant Cedar Cove Redevelopment Company Corp. (hereinafter the defendant) in Seaford. The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries, alleging, inter alia, that the defendant negligently maintained the sidewalk at issue, creating the alleged dangerous condition. After issue was joined, the defendant moved for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted the motion, and the plaintiffs appeal.
"Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous [or] defective conditions to public sidewalks is placed on the municipality and not the abutting landowner" (Hausser v Giunta, 88 NY2d 449, 452-453; see Daniel v Khadu, 190 AD3d 817, 818). "An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty"
(Petrillo v Town of Hempstead, 85 AD3d 996, 997; see Daniel v Khadu, 190 AD3d at 818).
Here, the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it. Although section 181-11 of [*2]the Code of the Town of Hempstead requires an abutting landowner to keep a sidewalk in good and safe repair, it does not specifically impose tort liability for a breach of that duty (see Code of the Town of Hempstead § 181-11; Lahens v Town of Hempstead, 132 AD3d 954, 956; see also Code of the Town of Hempstead § 184-6[a]). While the evidence submitted by the defendant established that it did not own the sidewalk at issue, it failed to eliminate all triable issues of fact as to whether it created the alleged dangerous condition. Since the defendant failed to meet its prima facie burden as the movant, the Supreme Court should have denied the motion without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
LASALLE, P.J., CONNOLLY, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court