O'Sullivan v City of Long Beach (2022 NY Slip Op 05700)

O'Sullivan v City of Long Beach

2022 NY Slip Op 05700

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2021-00513
 (Index No. 602852/18)

[*1]Debra O'Sullivan, respondent, 
v
City of Long Beach, appellant.

Richard Berrios, Corporation Counsel, Long Beach, NY (Charles M. Geiger of counsel), for appellant.
Yudin & Yudin, PLLC, New York, NY (Ronald M. Yudin of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Helen Voutsinas, J.), entered January 20, 2021. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, alleging that she was injured when she slipped and fell on ice that had accumulated on a boardwalk owned and maintained by the defendant, City of Long Beach. The plaintiff alleged that the City plowed snow off the boardwalk and negligently piled it along the edges of the bike lane. The plaintiff alleged that these piles of snow melted and refroze, causing the icy condition in the area where she slipped and fell.
The City moved for summary judgment dismissing the complaint. In an order entered January 20, 2021, the Supreme Court denied the City's motion. The City appeals. We affirm.
"A municipality that has enacted a prior written notification law may avoid liability for a defect or hazardous condition that falls within the scope of the law if it can establish that it has not been notified in writing of the existence of the defect or hazard at a specific location" (Torres v Incorporated Vil. of Rockville Ctr., 195 AD3d 974, 975; see Amabile v City of Buffalo, 93 NY2d 471, 474). "Such [prior written] notice is obviated where the plaintiff demonstrates that the municipality 'created the defect or hazard through an affirmative act of negligence' or that a 'special use' conferred a benefit on the municipality" (Groninger v Village of Mamaroneck, 17 NY3d 125, 127-128, quoting Amabile v City of Buffalo, 93 NY2d at 474).
Here, in moving for summary judgment dismissing the complaint, the City met its burden of establishing that it did not receive prior written notice of the icy condition, thereby shifting the burden to the plaintiff of demonstrating either that a triable issue of fact existed in that regard or that one of the Amabile exceptions applied (see Smith v City of New York, ____ AD3d ____, 2022 NY Slip Op 05226 [2d Dept]; see also Groninger v Village of Mamaroneck, 17 NY3d at 129; Yarborough v City of New York, 10 NY3d 726, 728; Torres v Incorporated Vil. of Rockville Ctr., [*2]195 AD3d at 975; Lichtman v Village of Kiryas Joel, 90 AD3d 1001, 1001). The evidence submitted by the plaintiff in opposition to the City's motion, which included the plaintiff's own affidavit describing the "large piles" of snow in the area where she fell and the affidavit of an expert, was sufficient to raise a triable issue of fact as to whether the City's snow removal operations affirmatively created the icy condition that allegedly caused the plaintiff to fall (see San Marco v Village/Town of Mount Kisco, 16 NY3d 111, 118; Smith v County of Orange, 51 AD3d 1006, 1006; Ricca v Ahmad, 40 AD3d 728, 729; see also Larenas v Incorporated Vil. of Garden City, 143 AD3d 777, 778-779; Grizzaffi v Paparodero Holding Corp., 261 AD2d 437, 438; cf. Groninger v Village of Mamaroneck, 17 NY3d at 129-130).
Accordingly, the City's motion for summary judgment dismissing the complaint was properly denied.
BARROS, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court