Morales v Village of Ossining (2023 NY Slip Op 03690)

Morales v Village of Ossining

2023 NY Slip Op 03690

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-02144
 (Index No. 70456/18)

[*1]Carla Morales, respondent, 
v
Village of Ossining, appellant-respondent, Antonio Scipione, Jr., respondent-appellant.

Hodges Walsh & Burke, LLP, White Plains, NY (Paul E. Svensson of counsel), for appellant-respondent.
Craig P. Curcio, Middletown, NY (Douglas S. Goldberg of counsel), for respondent-appellant.
Birbrower Law Firm, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Greg Freedman, and Joshua B. Block], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Village of Ossining appeals, and the defendant Antonio Scipione, Jr., cross-appeals, from an order of the Supreme Court, Westchester County (David F. Everett, J.), dated March 5, 2021. The order, insofar as appealed from, denied the motion of the defendant Village of Ossining, in effect, for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. The order, insofar as cross-appealed from, denied the cross-motion of the defendant Antonio Scipione, Jr., for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him.
ORDERED that the order is reversed, on the law, with one bill of costs to the defendant Village of Ossining and the defendant Antonio Scipione, Jr., payable by the plaintiff, the motion of the defendant Village of Ossining, in effect, for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it is granted, and the cross-motion of the defendant Antonio Scipione, Jr., for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him is granted.
The plaintiff commenced this action against the Village of Ossining and Antonio Scipione, Jr., to recover damages for personal injuries she allegedly sustained when she fell on a curbstone or step in front of property that Scipione owned in the Village. The Village moved, in effect, for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it, and Scipione cross-moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him. The Supreme Court denied both the motion and the cross-motion. The Village appeals, and Scipione cross-appeals.
Where a municipality "establishes that it lacked prior written notice under" a prior written notice statute, "the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an [*2]act of negligence or that a special use resulted in a special benefit to the locality" (Smith v City of New York, 210 AD3d 53, 69 [internal quotation marks omitted]). This burden-shifting framework "is applicable even where . . . the complaint alleged that the defendants created the allegedly dangerous condition" (id.).
Here, the Village correctly contends that, contrary to the Supreme Court's conclusion, it was not required to establish both that it lacked prior written notice of the defect and that it had not created the defect (see Village Law § 6-628; Smith v City of New York, 210 AD3d at 69). Rather, upon the Village's prima facie showing that it lacked prior written notice of the defect, the burden shifted to the plaintiff to demonstrate that an exception to the prior written notice statute applied (see Smith v City of New York, 210 AD3d at 69). As the plaintiff did not meet this burden, the court should have granted the Village's motion, in effect, for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
"Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality and not the abutting landowner" (Hausser v Giunta, 88 NY2d 449, 452-53). "An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty" (Donaghy v Liddy, 195 AD3d 680, 681 [internal quotation marks omitted]). "The special use exception is reserved for situations where a landowner whose property abuts a public street or sidewalk derives a special benefit from that property unrelated to the public use" (Loiaconi v Village of Tarrytown, 36 AD3d 864, 865 [internal quotation marks omitted]). "The special use exception is a use different from the normal intended use of the public way" (id. [alterations and internal quotation marks omitted]).
Here, Scipione established, prima facie, his entitlement to judgment as a matter of law dismissing the complaint and all cross-claims insofar as asserted against him. Scipione demonstrated, prima facie, that he did not create the defect, that he did not cause the defect to occur because of a special use, and that the relevant section of the Village Charter did not make abutting landowners liable for injuries caused by sidewalk defects (see Donaghy v Liddy, 195 AD3d at 681; Village of Ossining Charter § C5-32[A]). With respect to the issue of special use, Scipione's evidence showed that the intended use of the step on which the plaintiff allegedly fell was "the normal intended use of the public way," and that he did not "derive[ ] a special benefit from that property unrelated to the public use" (Loiaconi v Village of Tarrytown, 36 AD3d at 865 [internal quotation marks omitted]). In opposition to Scipione's prima facie showing, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted Scipione's cross-motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him.
In light of the foregoing, we need not consider the Village's remaining contention.
BARROS, J.P., MILLER, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court