Mitchell v Village of Monroe (2023 NY Slip Op 05255)

Mitchell v Village of Monroe

2023 NY Slip Op 05255

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2021-04298
2021-06570
 (Index No. 1874/17)

[*1]Patricia Mitchell, appellant, 
v
Village of Monroe, et al., respondents.

Sanford F. Young, New York, NY, for appellant.
Drake Loeb PLLC, New Windsor, NY (Judith A. Waye and Gerber Ciano Kelly Brady LLP [Brendan T. Fitzpatrick and Jamie R. Prisco], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated May 12, 2021, and (2) a judgment of the same court dated August 31, 2021. The order granted the defendants' motion for summary judgment dismissing the complaint. The judgment, upon the order, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff commenced this action against the defendants, Village of Monroe and Village of Monroe Department of Public Works, to recover damages for personal injuries she allegedly sustained when she tripped and fell in a hole or depression in a grassy area in the Village.
The defendants moved for summary judgment dismissing the complaint on the ground, among others, that they did not receive prior written notice of the alleged condition as required by Village Law § 6-628. In an order dated May 12, 2021, the Supreme Court granted the defendants' motion. A judgment was thereafter entered upon the order in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
A municipality for which a prior written notification law such as Village Law § 6-628 has been adopted "may avoid liability for a defect or hazardous condition that falls within the scope [*2]of the law if it can establish that it has not been notified in writing of the existence of the defect or hazard at a specific location" (O'Sullivan v City of Long Beach, 209 AD3d 757, 757 [internal quotation marks omitted]; see Amabile v City of Buffalo, 93 NY2d 471, 474). "Such [prior written] notice is obviated where the plaintiff demonstrates that the municipality 'created the defect or hazard through an affirmative act of negligence' or that a 'special use' conferred a benefit on the municipality" (Groninger v Village of Mamaroneck, 17 NY3d 125, 127-128, quoting Amabile v City of Buffalo, 93 NY2d at 474).
Here, in moving for summary judgment dismissing the complaint, the defendants met their prima facie burden of establishing that they did not receive prior written notice of the condition alleged, thereby shifting the burden to the plaintiff of demonstrating either that a triable issue of fact existed in that regard or that one of the Amabile exceptions applied (see Smith v City of New York, 210 AD3d 53; O'Sullivan v City of Long Beach, 209 AD3d at 757; see also Groninger v Village of Mamaroneck, 17 NY3d at 129). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
DUFFY, J.P., FORD, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court