Taveras v Incorporated Vil. of Freeport (2024 NY Slip Op 01577)

Taveras v Incorporated Vil. of Freeport

2024 NY Slip Op 01577

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-00877
 (Index No. 601842/21)

[*1]Isabel Taveras, appellant, 
v
Incorporated Village of Freeport, et al., defendants, Guillermo Gualda, et al., respondents.

Law Offices of Matthew A. Sosnik, P.C., Hauppauge, NY (Rachel Schulman of counsel), for appellant.
Alahverdian Van Leuvan, P.C., Bethpage, NY (Gerard R. Van Leuvan of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered December 20, 2022. The order, insofar as appealed from, granted that branch of the motion of the defendants Guillermo Gualda and Nancy Hinich-Gualda, also known as Nancy Gualda, which was for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In August 2020, the plaintiff allegedly sustained personal injuries when she tripped and fell on an uneven condition on a sidewalk abutting property owned by the defendants Guillermo Gualda and Nancy Hinich-Gualda (hereinafter together the defendants), in the Village of Freeport. The plaintiff thereafter commenced this action against the defendants, among others. The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. By order entered December 20, 2022, the Supreme Court, among other things, granted that branch of the defendants' motion. The plaintiff appeals.
Initially, contrary to the plaintiff's contention, the Supreme Court was not required to deny the defendants' motion due to their failure to submit word count certifications pursuant to
22 NYCRR 202.8-b(a)-(c). The court correctly overlooked this technical defect in the defendants' motion papers (see Anuchina v Marine Transp. Logistics, Inc., 216 AD3d 1126, 1127). Similarly, the court was not required to deny the defendants' motion because of their failure to submit a statement of material facts (see 22 NYCRR 202.8-g[a]). The applicable rule permits a court to require that parties submit a separate statement of material facts with any motion for summary judgment, but it does not obligate a court to impose such a requirement (see id.). Here, the plaintiff failed to establish that the court required that the defendants submit a statement of material facts with their motion for summary judgment. In any event, even if the court's part rules contained such a requirement, the defendants' failure to comply therewith "did not compel the court to deny [their] motion" (Cole v Hoover, 217 AD3d 1368, 1369; see Leberman v Instantwhip Foods, Inc., 207 AD3d 850, 850-851; Abreu v Barkin & Assoc. Realty, Inc., 69 AD3d 420, 421), particularly in light of the [*2]fact that the affirmation of the defendants' attorney "was the functional equivalent of a statement of material facts" and the plaintiff failed to demonstrate any prejudice (Smith v MDA Consulting Engrs., PLLC, 210 AD3d 1448, 1449).
Turning to the merits, "liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous [or] defective conditions to public sidewalks is [generally] placed on the municipality and not the abutting landowner" (Hausser v Giunta, 88 NY2d 449, 452-453; see Bousquet v Water View Realty Corp., 161 AD3d 718, 719). "An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty" (Petrillo v Town of Hempstead, 85 AD3d 996, 997; see Daniel v Khadu, 190 AD3d 817, 818).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. "[A]lthough section 180-2 of the Code of the Village of Freeport requires an abutting landowner to keep a sidewalk in good and safe repair, it does not specifically impose tort liability for a breach of that duty" (Daniel v Khadu, 190 AD3d at 819, citing Bousquet v Water View Realty Corp., 161 AD3d at 719; see Morales v Village of Ossining, 218 AD3d 460, 461; Kearns v Cedar Cove Dev. Corp., 208 AD3d 466, 467). In addition, the defendants demonstrated that they did not create the alleged defective condition or cause it through a special use of the sidewalk (see Morales v Village of Ossining, 218 AD3d at 461-462; Daniel v Khadu, 190 AD3d at 819). In opposition, the plaintiff failed to raise a triable issue of fact (cf. Rodriguez v City of Yonkers, 106 AD3d 802, 803).
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
IANNACCI, J.P., FORD, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court