La Fleur v Janowitz (2024 NY Slip Op 03037)

La Fleur v Janowitz

2024 NY Slip Op 03037

Decided on June 5, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 5, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-01801
 (Index No. 56237/20)

[*1]Lindsay La Fleur, appellant, 
v
Marc Janowitz, et al., respondents.

Richard L. Giampa, Esq., P.C., Bronx, NY (Zachary K. Giampa of counsel), for appellant.
Burke, Conway & Stiefeld (Mauro Lilling Naparty LLP, Woodbury, NY [Seth M. Weinberg and Alexandra Murray], of counsel), for respondents Marc Janowitz and Tal Janowitz.
Gerber Ciano Kelly Brady LLP, Garden City, NY (Brendan T. Fitzpatrick and Brian W. McElhenny of counsel), for respondent Village of Briarcliff Manor.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated March 4, 2022. The order, insofar as appealed from, granted those branches of the separate motions of the defendant Village of Briarcliff Manor and the defendants Marc Janowitz and Tal Janowitz which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
The plaintiff commenced this action against Marc Janowitz and Tal Janowitz (hereinafter together the Janowitz defendants) and the Village of Briarcliff Manor to recover damages for personal injuries she allegedly sustained when she tripped on a crack in the sidewalk adjacent to property owned by the Janowitz defendants. The Janowitz defendants moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them, and the Village separately moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. In an order dated March 4, 2022, the Supreme Court, inter alia, granted those branches of the separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of the defendants. The plaintiff appeals.
"Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions [on] public sidewalks is placed on the municipality and not the abutting landowner" (Hausser v Giunta, 88 NY2d 449, 452-453). "'An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty'" (Morales v Village of Ossining, [*2]218 AD3d 460, 461, quoting Donaghy v Liddy, 195 AD3d 680, 681).
Here, the Janowitz defendants established, prima facie, that they did not create the alleged defect, that they did not make a special use of the area of the sidewalk where the plaintiff fell, and that there was no ordinance or statute placing an obligation on them to maintain the sidewalk abutting their property at the time of the plaintiff's fall (see Farmer v Gazebo Contr., Inc., 218 AD3d 644, 646; Morales v Village of Ossining, 218 AD3d at 462; Hanus v Long Is. Rail Rd., 186 AD3d 679, 681; Pareres v Cho, 149 AD3d 1095, 1096).
In opposition, the plaintiff failed to raise a triable issue of fact. Although Marc Janowitz testified at his deposition that he had filled in one or more cracks on the sidewalk adjacent to the Janowitz defendants' property, the testimony did not raise a triable issue of fact with regard to whether the Janowitz defendants made negligent repairs that caused the dangerous condition (see Xiao Jin v City of New York, 219 AD3d 1470, 1471) or whether the Janowitz defendants caused the crack in the sidewalk on which the plaintiff allegedly tripped by special use of the sidewalk (see Ivanyushkina v City of New York, 300 AD2d 544).
Accordingly, the Supreme Court properly granted that branch of the Janowitz defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
"The prior written notice required by Village Law § 6-628 is a condition precedent to maintaining an action against the Village for a defective sidewalk condition, which a plaintiff is required to plead and prove" (O'Brien v Village of Babylon, 196 AD3d 494, 496). "A municipality for which a prior written notification law such as Village Law § 6-628 has been adopted 'may avoid liability for a defect or hazardous condition that falls within the scope of the law if it can establish that it has not been notified in writing of the existence of the defect or hazard at a specific location'" (Mitchell v Village of Monroe, 220 AD3d 853, 854, quoting O'Sullivan v City of Long Beach, 209 AD3d 757, 757). Where the municipality "'establishes that it lacked prior written notice [within the meaning of the prior written notice statute], the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality'" (Smith v City of New York, 210 AD3d 53, 69, quoting Yarborough v City of New York, 10 NY3d 726, 728).
Here, the Village met its burden of establishing, prima facie, that it did not receive prior written notice of the alleged condition, thereby shifting the burden to the plaintiff to raise a triable issue of fact (see Mitchell v Village of Monroe, 220 AD3d at 854; O'Sullivan v City of Long Beach, 209 AD3d at 758). In opposition, the plaintiff failed to raise a triable issue of fact (see Smith v City of New York, 210 AD3d at 71). Contrary to the plaintiff's contentions, neither notice to a separate agency of the Village, nor the village clerk's actual or constructive notice of those complaints, satisfied the statutory requirement that the "written notice" be "actually given to the village clerk" (Village Law § 6-628; see Kolenda v Incorporated Vil. of Garden City, 215 AD3d 647, 649; McCarthy v City of White Plains, 54 AD3d 828, 829-830).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch of the Village's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
LASALLE, P.J., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court