Sanfilippo v Kull (2024 NY Slip Op 04275)

Sanfilippo v Kull

2024 NY Slip Op 04275

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2020-07109
 (Index No. 606086/18)

[*1]Frank Sanfilippo, appellant, 
v
Mary Kull, et al., respondents, et al., defendant.

Leitner Varughese Warywoda, PLLC, Melville, NY (Justin Varughese of counsel), for appellant.
Chesney, Nicholas & Brower, LLP, Syosset, NY (Lindsie B. Alterkun and William Crowe of counsel), for respondent Mary Kull.
Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Steven G. Leventhal of counsel), for respondent Town of Hempstead.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered August 12, 2020. The order granted the separate motions of the defendants Mary Kull and Town of Hempstead for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed, with one bill of costs.
In February 2017, the plaintiff allegedly was injured when he slipped and fell on ice on a sidewalk adjacent to real property owned by the defendant Mary Kull located in the defendant Town of Hempstead. In May 2018, the plaintiff commenced this action to recover damages for personal injuries against Kull, the Town, and another defendant. Thereafter, Kull and the Town separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order entered August 12, 2020, the Supreme Court granted the separate motions. The plaintiff appeals.
The Supreme Court properly granted Kull's motion for summary judgment dismissing the complaint insofar as asserted against her. "Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous [or] defective conditions to public sidewalks is placed on the municipality and not the abutting landowner" (Hausser v Giunta, 88 NY2d 449, 452-453; see Daniel v Khadu, 190 AD3d 817, 818). Here, although section 181-11 of the Code of the Town of Hempstead requires an abutting landowner to keep a sidewalk in good and safe repair, it does not specifically impose tort liability for a breach of that duty (see Daniel v Khadu, 190 AD3d 817 at 819; see also Kearns v Cedar Cove Dev. Corp., 208 AD3d 466, 467). Nevertheless, an owner of property abutting a public sidewalk may be held liable where it undertakes snow and ice removal efforts which make the naturally occurring conditions more hazardous (see Cardona v City of New York, 222 AD3d 711; Robles v City of New York, 56 AD3d 647).
In this case, Kull established, prima facie, that her snow removal efforts while a storm was in progress did not create a hazardous condition or exacerbate a natural hazard created by the storm (see Mullaney v City of New York, 125 AD3d 948; Wei Wen Xie v Ye Jiang Yong, 111 AD3d 617). In opposition to Kull's prima facie showing, the plaintiff failed to raise a triable issue of fact. The opinions contained in the affidavit of the plaintiff's meteorological expert as to how the ice was formed were based on speculation and conjecture (see Ryan v Beacon Hill Estates Coop., Inc., 170 AD3d 1215, 1216). The expert's opinion that the ice that allegedly caused the accident formed as a result of snow melt product applied to the sidewalk by Kull was of no probative value, as it was an opinion outside his area of expertise and the expert did not establish a foundation for his opinion (see e.g. Tsimbler v Fell, 123 AD3d 1009).
The Supreme Court also properly granted the Town's motion for summary judgment dismissing the complaint insofar as asserted against it. "When a municipality has adopted a prior written notice law, the municipality 'cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies'" (Schaum v City of New York, 216 AD3d 691, 691, quoting Sanon v MTA Long Is. R.R., 203 AD3d 773, 775; see Amabile v City of Buffalo, 93 NY2d 471, 474). "Where such a local law is in effect, '[p]rior written notice of a defective condition is a condition precedent to maintaining an action against a municipality'" (Schaum v City of New York, 216 AD3d at 691, quoting Schiller v Town of Ramapo, 202 AD3d 1022, 1022). "To be entitled to summary judgment, the municipality must first establish that it lacked prior written notice of the alleged defect" (id. at 692; see Smith v City of New York, 210 AD3d 53, 69). Upon that showing, "'the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality'" (Smith v City of New York, 210 AD3d at 62, quoting Yarborough v City of New York, 10 NY3d 726, 728; see Groninger v Village of Mamaroneck, 17 NY3d 125, 129-130).
Here, the Town established, prima facie, that it did not receive prior written notice of the ice that allegedly caused the plaintiff's accident by submitting an affidavit of the records access officer of the Town's Highway Department. In opposition to the Town's prima facie showing, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit.
DILLON, J.P., GENOVESI, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court