Reynolds v City of Poughkeepsie (2024 NY Slip Op 04472)

Reynolds v City of Poughkeepsie

2024 NY Slip Op 04472

Decided on September 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-01157
 (Index No. 51664/19)

[*1]Carolyn A. Reynolds, et al., appellants, 
v
City of Poughkeepsie, respondent.

Goldstein & Goldstein, LLP, Poughkeepsie, NY (Lindsey M. Goldstein of counsel), for appellants.
Drake Loeb PLLC (Nicholas A. Pascale and Gerber Ciano Kelly Brady LLP, Garden City, NY [Brendan T. Fitzpatrick and Brian W. McElhenny], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Michael G. Hayes, J.), dated February 1, 2022. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Carolyn A. Reynolds, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff Carolyn A. Reynolds (hereinafter the injured plaintiff), and her spouse suing derivatively, commenced this action, alleging that the injured plaintiff was injured when she slipped and fell on a mound of snow and/or ice on a sidewalk abutting a municipal parking lot owned and maintained by the defendant, City of Poughkeepsie. The plaintiffs alleged that the City affirmatively created the snow/ice mound through its plowing activities at the parking lot. Thereafter, the City moved for summary judgment dismissing the complaint. In an order dated February 1, 2022, the Supreme Court granted the City's motion. The plaintiffs appeal.
"When a municipality has adopted a prior written notice law, the municipality 'cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies'" (Schaum v City of New York, 216 AD3d 691, 691, quoting Sanon v MTA Long Is. R.R., 203 AD3d 773, 775; see Amabile v City of Buffalo, 93 NY2d 471, 474). Where the municipality makes a prima facie showing that it lacked prior written notice of the alleged defect, "'the burden shifts to the plaintiff to demonstrate the applicability of one of two recognized exceptions to the rule—that the municipality affirmatively created the defect through an act of negligence or that a special use resulted in a special benefit to the locality'" (Smith v City of New York, 210 AD3d 53, 62, quoting Yarborough v City of New York, 10 NY3d 726, 728; see Groninger v Village of Mamaroneck, 17 NY3d 125, 129-130).
Here, the Supreme Court determined, and the parties do not dispute, that the City established, prima facie, that it did not receive prior written notice of the snow/ice mound, thereby shifting the burden to the plaintiffs to demonstrate either that a triable issue of fact existed in that regard or that one of the Amabile exceptions applied (see Panzavecchia v County of Nassau, 211 AD3d 846, 847-848; Smith v City of New York, 210 AD3d at 53). However, in opposition to the City's prima facie showing, the plaintiffs' submissions, including photos of the snow/ice mound and an affidavit of an expert, were sufficient to raise a triable issue of fact as to whether the City's snow plowing operations affirmatively created the snow/ice mound that allegedly caused the injured plaintiff to slip and fall (see O'Sullivan v City of Long Beach, 209 AD3d 757, 758). Accordingly, the court should have denied that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted by the injured plaintiff.
Nevertheless, the failure of the injured plaintiff's spouse to include a loss of consortium claim in the notice of claim served upon the City pursuant to General Municipal Law § 50-e requires dismissal of the derivative cause of action (see Gonzalez v Povoski, 149 AD3d 1472; Alas v Brentwood Health Ctr., 121 AD3d 822). Accordingly, the Supreme Court properly granted that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted by the injured plaintiff's spouse.
DUFFY, J.P., WOOTEN, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court