Coimin v City of New York

2026 NY Slip Op 02244

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Terry Serge Coimin, appellant,

v

City of New York, defendant, Stephanie C. Rodney, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2025-03407, (Index No. 505406/23 )

Mark C. Dillon, J.P.

William G. Ford

Deborah A. Dowling

Susan Quirk, JJ.

Law Office of Stefano A. Filippazzo, P.C., Brooklyn, NY (Louis A. Badolato of counsel), for appellant.

Miller, Leiby & Associates, P.C., New York, NY (Oana Brebenel of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Patria Frias-ColÓn, J.), dated January 29, 2025. The order granted the motion of the defendants Stephanie C. Rodney and Suzette G. Rodney for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.

ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendants Stephanie C. Rodney and Suzette G. Rodney which was for summary judgment dismissing all cross-claims insofar as asserted against them is dismissed, as the plaintiff is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,

ORDERED that the order is affirmed insofar as reviewed; and it is further,

ORDERED that one bill of costs is awarded to the defendants Stephanie C. Rodney and Suzette G. Rodney.

In November 2022, the plaintiff allegedly was injured when he tripped and fell on a hole in the sidewalk abutting real property owned by the defendants Stephanie C. Rodney and Suzette G. Rodney (hereinafter together the Rodney defendants) in Brooklyn. The plaintiff thereafter commenced this personal injury action against the Rodney defendants and the City of New York.

The Rodney defendants moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them, contending, inter alia, that they were exempt from liability under the exception set forth in Administrative Code of the City of New York § 7-210(b). By order dated January 29, 2025, the Supreme Court granted the Rodney defendants' motion. The plaintiff appeals.

"Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous [or] defective conditions to public sidewalks is placed on the municipality and not the abutting landowner" (Hausser v Giunta, 88 NY2d 449, 452-453; see Giuntini v City of [*2]New York, 226 AD3d 651, 652). "An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty" (Petrillo v Town of Hempstead, 85 AD3d 996, 997; see Giuntini v City of New York, 226 AD3d at 652). However, "[i]n 2003, the New York City Council enacted section 7-210 of the Administrative Code of the City of New York to shift tort liability for injuries resulting from defective sidewalks from the City to abutting property owners" (Zak v City of New York, 192 AD3d at 735; see Sangaray v West Riv. Assoc., LLC, 26 NY3d 793; Giuntini v City of New York, 226 AD3d at 652). "This liability shifting provision does not, however, apply to 'one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes'" (Zak v City of New York, 192 AD3d at 735, quoting Administrative Code § 7-210[b]).

Here, the Rodney defendants demonstrated, prima facie, that their property was an owner-occupied, two-family residential property used exclusively for residential purposes, and, thus, fell within the exception set forth in Administrative Code § 7-210(b) (see Martin v Newton, 206 AD3d 644, 645; Osipova v London, 186 AD3d 1528, 1529; DeSilvio v Lin Zheng, 150 AD3d 679). The Rodney defendants also established, prima facie, that they did not create or cause the alleged defective condition of the sidewalk to occur through a special use of the sidewalk (see Giuntini v City of New York, 226 AD3d at 653; Daniel v Khadu, 190 AD3d 817, 819; Cosme v City of New York, 169 AD3d 762, 763).

In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Contrary to the plaintiff's contention, the affirmation of his expert engineer failed to raise a triable issue of fact as to whether the Rodney defendants, or someone on their behalf, created the alleged defective condition of the sidewalk by negligently repairing or replacing the portion of the sidewalk at issue prior to the accident.

Accordingly, the Supreme Court properly granted that branch of the Rodney defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.

The plaintiff's remaining contention is improperly raised for the first time on appeal.

DILLON, J.P., FORD, DOWLING and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court